**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN L. CRAYTON** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.:   2:07-cv-626-MEF |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | (LEAD CASE) |
| **AGRICULTURE & INDUSTRIES,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| **JOHN L. CRAYTON** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.:   2:07-cv-1111-MEF |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | (MEMBER CASE) |
| **AGRICULTURE & INDUSTRIES,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** the Defendant Alabama Department of Agriculture & Industries, and submits the following Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. 23).

    I.    <u>The Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment Fails to Comply with this Court's Uniform Scheduling Order</u>

In its Uniform Scheduling Order, this Court mandates that "[i]n all briefs filed by any party relating to the [dispositive] motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a

supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court." (Doc. 9, p. 2, Section 2). The plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 23) contains a Statement of Facts. However, the Response sporadically references plaintiff's affidavit[1], the complaint, the amended complaint[2], or unauthenticated documents or CDs. Much of the plaintiff's Statement of Facts contains no citation to evidence at all. As such, the plaintiff's Response fails to comply with this Court's Uniform Scheduling Order, and the evidence submitted by the plaintiff in opposition to summary judgment should not be considered by the Court.

    II.    <u>Title VII Claims Untimely and Not Properly Raised in EEOC Complaint</u>

In response to Defendant's assertion that the plaintiff's claims are barred for failure to timely raise them in an EEOC Charge of Discrimination, the plaintiff claims that that he properly indicated the actions complained of were continuing. The plaintiff then goes on to argue that because he now asserts that the claims currently before the court were continuing, they are not time barred. (Doc. 23, p. 19). The plaintiff simply states that the "[p]laintiff properly indicated that the actions taken against him were continuing." (Doc. 23, p. 19). However, nowhere in his EEOC complaints were such indications made. Significantly, the plaintiff cites to no legal authority to support his position that his claims, although not mentioned in his EEOC Complaints, were timely raised. In fact, the entirety of the plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment contains only four citations to legal authority, one

---

[1] The affidavit submitted by the plaintiff in opposition to summary judgment contains mostly inadmissible evidence. For the reasons set forth more fully in Defendant's Motion to Strike plaintiff's affidavit, filed contemporaneously herewith, most of plaintiff's affidavit testimony is due to be struck.

[2] The allegations in neither the Complaint nor the Amended Complaint constitute proper evidence. Pursuant to Rule 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings."

2

of which states the summary judgment standard according to the Alabama Court of Civil Appeals[3].

The plaintiff makes unsupported assertions about the plaintiff's right to bring his complaints because they were continuing in nature. However, he cites to no legal authority and gives no factual basis to support the proposition that the alleged acts of discrimination or retaliation forming the basis of the complaint are not discrete acts that should have been raised in his EEOC complaint.

The plaintiff seems to argue that because he now claims the alleged discrimination and retaliation were ongoing, no discrete acts of discrimination or retaliation have to be raised in an EEOC charge within 180 days. Such a position is unsupported by legal analysis and is inconsistent with the law of this Circuit as cited to by the defendant in its initial Brief in Support of its Motion for Summary Judgment (Doc. 17).

Indeed, the plaintiff seems to suggest that his specific allegations of discrimination and retaliation are not discrete acts but are part of a general, ongoing wrong for which there is no time bar as long as an EEOC complaint is eventually filed. Under the plaintiff's interpretation, as long as a party brings an EEOC complaint alleging discrimination and retaliation, that party is free to file a lawsuit for actions taken at any time. Such an interpretation would make ineffectual the prerequisites to filing a suit under Title VII and is contrary to the law of this Circuit. Accordingly, the plaintiff's claims are barred, and summary judgment is due to be granted.

---

[3] The plaintiff seems to reference a claim for deprivation of a constitutional right; however, the plaintiff makes no such allegation in his Complaints. (Doc. 23, p. 17).

III.   Title VII Claims

In addition to the plaintiff's failure to timely raise his Title VII claims in his EEOC complaints, the plaintiff fails to offer admissible evidence sufficient to establish the existence of material, disputed facts in order to defeat summary judgment.

A.   Race Discrimination

The plaintiff focuses the analysis of his race discrimination claim on his temporary loss of a state vehicle and his transfer to Program Director of the Genetically Modified Plant Program. In an effort to defeat defendant's motion for summary judgment on plaintiff's race discrimination claim, the plaintiff argues that he was subjected to adverse employment actions, and that he was treated less favorably than white employees. The plaintiff claims that the failure to reissue a state car to him in 2005 and his transfer were adverse employment actions.

The plaintiff does not offer any evidence to support his contention that the failure to return a state vehicle to him in 2005 was an adverse employment action. The undisputed evidence establishes that the plaintiff currently has a state vehicle and at all times, had access to a state vehicle from the motor pool if he needed to travel for work. Further, the undisputed evidence establishes that the plaintiff rarely traveled any distance for work, and thus, had no real need for a state car.

The plaintiff offers Benny Hitch, Lance Hester, Tomm Johnson, Tony Cofer and Joe Debro as comparators to establish differential treatment on the basis of race with respect to the issuance of state vehicles in 2005. The plaintiff simply claims they were similarly situated because they were members of management. However, the plaintiff offers no evidence that the purported comparators held similar positions, drove as little or less than he did for work, or that they did not have a greater need for the issuance of a state car. Further, the plaintiff offers no

admissible evidence supporting his allegation that the defendant did not reissue a state car to him in 2005 on the basis of his race. The plaintiff offers no legal or factual analysis to support his general proclamation that these white employees were similarly situated such that they are proper comparators.

The plaintiff further fails to present any evidence that his transfer to the position of Program Director of the Genetically Modified Plant Program was a demotion. The plaintiff claims "[t]his was in effect a constructive demotion." (Doc. 23, p. 20). However, the plaintiff does not offer any evidence to rebut the evidence presented by the defendant that the transfer was not a demotion and that it did not result in any reduction in pay, prestige or responsibility. Accordingly, the plaintiff fails to establish the existence of a genuine issue of material fact sufficient to defeat defendant's Motion for Summary Judgment.

    i.    <u>Hostile Work Environment</u>

The plaintiff claims that he was subjected to a hostile work environment and identifies five instances of alleged harassment: 1) April 1, 2004 meeting regarding employee get-togethers[4]; 2) October 4, 2004 reprimand; 3) October 2004 letter from the Commissioner to the Seed Industry; 4) plaintiff's alleged transfer to office with no chair; and 5) alleged harassment by the Commissioner in June 2006. Although the plaintiff claims that there were "a great number of episodes" that made his working conditions hostile, he only points to five over the course of two years. The plaintiff makes the general statement that these instances interfered with his work environment but fails to provide any evidence of such interference. In fact, the plaintiff claims that he had a "successful tract (sic) record of working in a demanding, fast-paced environment

---

[4] This alleged meeting of April 1, 2004 was not mentioned by the plaintiff in either of his EEOC complaints or judicial complaints. Therefore, to the extent that this issue is raised for the first time by the plaintiff in his response to summary judgment, it is barred for the plaintiff's failure to raise this claim in his EEOC complaints or judicial complaints.

requiring stamina, patience, time management skills and an ability to work with people as well as work independently." (Doc. 23, p. 24).

The plaintiff further fails to present any evidence that the conduct complained of was based upon his race. The plaintiff makes the bald allegation that "[c]learly, these harassing actions were severe or pervasive." (Doc. 23, p. 23). However, the plaintiff offers no legal or factual analysis to support his contention. The actions complained of span over two years and have no racial component. Further, the plaintiff does not rebut the non-discriminatory reasons for the alleged actions set forth in defendant's summary judgment submissions.

  ii. <u>Failure to Promote</u>

The plaintiff claims that he was subjected to race discrimination when he was not promoted to the position of Division Director on April 30, 2003. Despite this claim being untimely, the plaintiff fails to present any evidence that he was qualified for the position. The plaintiff makes general statements regarding his "vast experience and education" but fails to provide any information about that alleged experience or education. (Doc. 23, p. 24). It is undisputed that the individual who was promoted to the position of Division Director was ranked higher than the plaintiff on the register by the Alabama State Personnel Department. Although the plaintiff alludes to manipulation of personnel rankings, (Doc. 23, p. 24), he offers no evidence of the same.

The plaintiff fails to respond to the Defendant's Motion for Summary Judgment as it relates to the following allegation of race discrimination: scrutiny of his work by supervisor Ronnie Murphy in 2002; therefore, he has abandoned that claim. Accordingly and for the reasons set forth more fully in Defendant's Brief in Support of Motion for Summary Judgment, summary judgment is due to be granted on plaintiff's claims of race discrimination.

B.     Retaliation

The plaintiff only addresses his retaliation claim as it relates to his transfer to the position of Program Director of the Genetically Modified Plant Program and his referral to the Behavioral Health System by the EAP.  Accordingly, the defendant asserts that the plaintiff has abandoned all other claims of retaliation.

The plaintiff claims that his transfer and referral to the Behavioral Health System by the EAP were retaliatory.  However, the plaintiff fails to present any evidence that either of these two events constitute an adverse employment action.  It is undisputed that the transfer did not result in any reduction in pay or benefits.  The referral to the Behavioral Health System by the EAP likewise did not result in a reduction of pay or benefits and occurred only after the plaintiff exhibited inappropriate behavior at work.  The plaintiff only points to temporal proximity to establish a causal link between his protected activity and his transfer and referral to the EAP. However, the plaintiff cites to no legal authority for the proposition that temporal proximity alone creates a presumption of retaliation in the absence of an adverse employment action. Accordingly, and for the reasons set forth in defendant's initial brief, summary judgment is due to be granted.

IV.     Conclusion

The entirety of the plaintiff's Response in opposition to defendant's Motion for Summary Judgment consists of general, unsupported contentions, restatement of allegations, and assumptions.  The plaintiff offers no legal or factual analysis to support his various claims.  In sum, the plaintiff fails to present evidence of a genuine issue of material fact sufficient to defeat defendant's motion for summary judgment.  Accordingly, and for the reasons set forth more fully in defendant's initial brief, summary judgment is due to be granted in favor of the defendant.

            /s/ Emily C. Marks
           EMILY C. MARKS

            /s/ E. Hamilton Wilson, Jr.
          E. HAMILTON WILSON, JR.
          Attorneys for the Defendant

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Juraldine Battle-Hodge
207 Montgomery St., Ste. 215
Montgomery, AL  36104-3528

                                                  /s/ Emily C. Marks
                                                  OF COUNSEL