**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN L. CRAYTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    2:07-cv-626-MEF** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | **(LEAD CASE)** |
| **AGRICULTURE & INDUSTRIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| **JOHN L. CRAYTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    2:07-cv-1111-MEF** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | **(MEMBER CASE)** |
| **AGRICULTURE & INDUSTRIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVIT SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant Alabama Department of Agriculture & Industries and submits the following Motion to Strike portions of the Plaintiff's affidavit submitted in opposition to Defendant's Motion for Summary Judgment[1]. (Doc. 24-11). As grounds for this motion, Defendant would show as follows:

1.    On May 30, 2008, the Defendant filed a Motion for Summary Judgment with Supporting Brief and evidence. (Docs. 16, 17, 18). On June 23, 2008, the plaintiff filed an

---

[1] "It is well-settled that a purported affidavit that does not meet the standards of Rule 56(e) is subject to a timely motion to strike and should not be considered by the court in opposition to a motion for summary judgment." Williams v. Hager Hinge Co., 916 F.Supp. 1163, 1168 (M.D. Ala. 1995).

opposition to the Defendant's Motion for Summary Judgment. (Docs. 23, 24). Plaintiff submitted an affidavit in support of his opposition to summary judgment. (Doc. 24-11). For the reasons that follow, Defendant submits that portions of the Affidavit of the plaintiff are due to be struck.

2.    Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." In determining the admissibility of testimony contained in an affidavit, a court should utilize the same standards as would be used at trial. White v. Wells Fargo Guard Services, 908 F.Supp.1570, 1577 (M.D. Ala. 1995). As a result, in ruling on summary judgment motions, a court should not consider inadmissible hearsay.

3.    In White v. Wells Fargo Guard Services, supra, the employer moved for summary judgment. The plaintiff submitted affidavits in opposition to the defendant's motion for summary judgment. The employer moved to strike a portion of an affiant's testimony on the grounds that the matters contained in the affidavit were outside the personal knowledge of the affiant. Although the court found that the facts and testimony contained in the questioned paragraphs of the affidavit were relevant, they were not admissible. This court found that the statements were based on incorporated memorandums, clearly were not made from personal knowledge, but were based from memorandums which were hearsay, and inadmissible in evidence. There was no evidence that the affiant was present at any of the events, and no affidavits were offered by those who were present at the events. Merely stating the substance of written instruments was not sufficient. Because the statements in the affidavits were not based on personal knowledge, this court did not consider those statements in its analysis of the motion for summary judgment. See Also Gordon v. Schneider National Carriers, Inc., 951 F.Supp. 207, 213 n.3 (M.D. Ala. 1996) (paragraphs in affidavit based on

hearsay and not within affiant's personal knowledge were due to be struck from consideration in summary judgment).

The Eleventh Circuit noted that Rule 56, Federal Rules of Civil Procedure "requires that affidavits that support or oppose summary judgment motions shall be made on personal knowledge, and shall set forth such facts as would be admissible in evidence." Macuba v. Deboer, 193 F.3d 1316, 1322-23 (11th Cir. 1999). The Court further recognized that the "general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." Macuba v. Deboer, 193 F.3d at 1322. Further, "[b]ald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact." Williams v. Hager Hinge Co., 916 F.Supp. 1163, 1168 (M.D. Ala. 1995).

4.    The plaintiff offers the following affidavit testimony which is outside his personal knowledge, constitutes hearsay and/or is improper opinion, assumptions and conclusions:

> "My credentials and work experience clearly show that Mr. Hester could not outrank me without some underhanded manipulation by Mr. Sparks and his administration." (Doc. 24-11, para. 3).

> ***

> "My problem with Ron Sparks stemmed from a hearsay situation where Wilma Fitzpatrick, Annie Patterson and I were summoned to Mr. Sparks' office for not participating in a voluntary fellowship get together. This was a monthly gathering. I informed Mr. Sparks that the hearsay was correct and that I chose not to participate, because of the racial atmosphere that he and his administration had created....This occurred between 2003 and 2004. From that date forward, it appears that Mr. Sparks had a vendetta against me." (Doc. 24-11, para. 4).

> ***

> "A query of my database along with the 760 plus substitute tests reports will prove the reprimand to be groundless, without merit, and a clear case of harassment." (Doc. 24-11, para. 5).

> ***

"A summary of the query shows one of the letters of complaint, Bragg Farms, was unfounded because all the test results for Bragg Farms for the month of august (sic) 2004 had a better than average turn around time of twenty days as opposed to the regular twenty one days.  This leads me to believe that these letters were solicited by this administration."  (Doc. 24-11, para. 6).

\*\*\*

"This October 7, 2004 memorandum of Mr. Sparks was not only sent to Alabama Seed Industry, but also other states' Seed Control Officials in an effort to further embarrass and harass me because of his personal vendetta he has with me."  (Doc. 24-11, para. 10).

\*\*\*

"My not traveling out of town was due to a shortage of trained experienced Seed Analyst to keep up with the work load and maintain the newly established record twenty one day turn around time on all test results in spite of the Administration's (Mr. Hester and Mr. Murphy) efforts to sabotage and disrupt my work by deleting and manipulating my computer files and tampering with my office files."  (Doc. 24-11, para. 11).

\*\*\*

"The letter of warning was no more than a continuation of the harassment started three years earlier." (Doc. 24-11, para. 12).

\*\*\*

"The reissuing of cars, promotions, blacks complain about Mr. Sparks pretending not to hear them or see them when they would speak in passing on the hallways.  I have found him (Mr. Sparks) to be very rude and abrasive in my encounters with him."  (Doc. 24-11, para. 14).

\*\*\*

"The recording of a meeting concerning the June 2006 encounter with Mr. McArthur, (sic) and Mr. Williams will show that Mr. Sparks is a very emotional, abrasive, and self-centered individual who will juggle the truth to make himself look good."  (Doc. 24-11, para. 15).

\*\*\*

"This position, Genetically Modified Plants and Plant Products Program Director, is nothing more than a sham on the part of Ron

4

> Sparks and his Administration to get me out of the position of Seed Program Director and transfer those duties to Agriculture Compliance to justify promoting Benny Hitch to Program Director. The Seed Program was lowered to a Unit Manager's level stripped of all its regulatory, administrative and enforcement duties." (Doc. 24-11, para. 16).

The above testimony offered by the plaintiff in opposition to the Defendant's Motion for Summary Judgment constitutes inadmissible hearsay, is bald opinion and conclusion, is outside the scope of plaintiff's personal knowledge and/or is assumption. The plaintiff offers the above testimony without any supporting specific facts which are within his personal knowledge. This hearsay testimony is offered to prove the truth of the matter asserted and does not fall within any exception to the hearsay rule of exclusion. Accordingly, the above testimony should be struck and not considered in opposition to Defendant's Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant Alabama Department of Agriculture & Industries moves the Court to strike the above-identified portions of the plaintiff's Affidavit submitted in opposition to Defendant's Motion for Summary Judgment.

           /s/    Emily C. Marks
EMILY C. MARKS


           /s/    E. Hamilton Wilson, Jr.
E. HAMILTON WILSON, JR.
Attorneys for the Defendant


OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:      (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Juraldine Battle-Hodge
207 Montgomery St., Ste. 215
Montgomery, AL  36104-3528

/s/ Emily C. Marks
OF COUNSEL