IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN L. CRAYTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:07-cv-626-MEF |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| AGRICULTURE & INDUSTRIES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| JOHN L. CRAYTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:07-cv-1111-MEF |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| AGRICULTURE & INDUSTRIES, | ) | **(WO- Do Not Publish)** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Defendant's Motion to Strike Portions of Plaintiff's Affidavit Submitted in Opposition to Motion for Summary Judgment (Doc. # 26) filed on June 30, 2008 and Plaintiff's Motion for Leave to Amend Affidavit which is contained in Plaintiff's response (Doc. # 28) to Defendant's the aforementioned motion to strike. For the reasons set forth below, it is hereby ORDERED that the motion to strike (Doc. # 26) is GRANTED and the motion for leave to amend is DENIED.

### DISCUSSION

This is a case in which Plaintiff is suing his employer for alleged discrimination and

retaliation. Defendant filed a motion for summary judgment on May 30, 2008. On June 23, 2008, after receiving an extension of time, Plaintiff filed his response in opposition to Defendant's summary judgment motion. Plaintiff's response included his own affidavit (Ex. 10 to Doc. # 24). On June 30, 2008, Defendant filed a motion to strike portions of Plaintiff's affidavit on the grounds that those portions were improper under Federal Rule of Civil Procedure 56(e) and the case law of this district and circuit. When directed to respond, Plaintiff did not contest Defendant's criticisms of the affidavit. Instead, his counsel merely sought leave to amend the affidavit.

Given that the Plaintiff's affidavit was submitted in opposition to a motion for summary judgment, the affidavit must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show that the affiant is competent to testify to the matters stated therein*.

Fed. R. Civ. P. 56(e) (emphasis added). The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper. *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000). Sworn statements which fail to meet the standards set forth in

Rule 56(e) may be subject to a motion to strike. *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). However, the court need not strike the entire affidavit, rather it *may strike or disregard* the improper portions and consider the remainder of the testimony or statement. *Id.* at p. 1334 n.2.

The Court has reviewed the challenged portions of Plaintiff's affidavit. The Court finds that all of the challenged statements contain improper material that is either: speculation, conjecture, legal conclusions, argument, hearsay, improper opinion testimony, or information not within Plaintiff's personal knowledge. Plaintiff's counsel wisely elected not to attempt to rebut Defendant's contention that the selected portions were improper. Thus, the motion to strike is due to be GRANTED.

As to the Plaintiff's untimely request to amend the affidavit to bring it into compliance with the law, the Court is not inclined to grant that request. Plaintiff has had ample time to marshal the evidence in support of his claims. He received at least one extension. He has not shown good cause for the requested extension.

Accordingly, it is hereby ORDERED as follows:

1. Defendant's Motion to Strike Portions of Plaintiff's Affidavit Submitted in Opposition to Motion for Summary Judgment (Doc. # 26) filed on June 30, 2008 is GRANTED and the portions identified are STRICKEN.

2. Plaintiff's Motion for Leave to Amend Affidavit which is contained in Plaintiff's response (Doc. # 28) to Defendant's the aforementioned motion to strike is DENIED.

DONE this the 28th day of August, 2008.

                                        /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE